STATE v. JOHN W. PLUMMER.

(Filed 17 October, 1923.)

**Commerce—Taxation—Shipment in Bulk—Distribution—Municipal Corporations—Ordinances.**

The shipment of yeast by a manufacturer into this State, to its agent herein, in bulk, to be broken by the agent and the separated packages delivered to present customers and those to be acquired, the agent collecting therefor and remitting to his principal in another State, is an intrastate transaction as between the agent and his customers, and subject to the tax thereon imposed by an ordinance of the town in which he conducted his business.

APPEAL by defendant from *Sinclair, J.,* at June Term, 1923, of NEW HANOVER.

'The defendant was convicted of a violation of a tax ordinance of the city of Wilmington. He was an agent of the Liberty Yeast Company, of Baltimore, in the sale, delivery and collection of yeast.

The company in Baltimore each day shipped him a quantity of yeast by express. The box or boxes in which it was contained were taken out of the express office by the defendant, to whom the boxes were directed; the bulk was then broken, and he carried around to his customers on a truck the small packages contained in these boxes, that he might deliver to these customers any amount they wanted. He not only delivered the yeast in this way to regular customers, but he also sought to increase the trade by securing other purchasers when he delivered the yeast, and from whom he collected the cost price at the same time. When he sold the yeast in this way he took orders from his customers in advance and ascertained the quantity of yeast each person would want on the following day, and when he went around and delivered the yeast to the purchasers he took up what yeast was left over on the hands of the purchasers of the day before and destroyed it.

The defendant, on his cross-examination, stated: "I solicit the orders for the yeast. The yeast is shipped to me, and I distribute it. I collect for it and remit to the company. I collect for them. I send the collections on to my house. They cut the yeast in Baltimore at the plant and ship it down here to be distributed. They ship it in bulk packages, and I divide it and distribute it to my customers." Upon this testimony, which was uncontradicted, the court said: "If you believe the evidence, you will return a verdict of guilty; if you do not believe it, return a verdict of not guilty." Verdict of guilty. Appeal.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Herbert McClammy for defendant.*

CLARK, C. J. The transaction, which was made taxable by the statute, was not the shipment of the goods from Baltimore to the defendant here, nor was the burden borne by such transportation. The transaction that was made subject to the tax was the sale and delivery of these articles to purchasers after the bulk was broken. Had the goods been lost in transit, the title thereto was in the shipper and would not have passed to the purchasers until the defendant on his daily rounds delivered them to the several purchasers. This transaction was an intrastate matter between the defendant and the purchasers, and the immunity by reason of the Federal Constitution does not exist.

There were no orders solicited for customers which were sent to the Baltimore house with the result that the Baltimore house shipped to the customers here, if approved by the yeast company, but it was the sending of the yeast by the Baltimore house to their agent, the defendant, upon his estimate of the amount which he could dispose of in his rounds next day by reason of his canvass for orders, and of the additional orders he calculated he might pick up in delivering the other orders.

This is not like *Robbins v. Taxing District,* 120 U. S., 480, in which it was held that the business of offering for sale, or selling goods to be shipped by the vendor to the buyer in another State, would be clearly interstate commerce (*S. v. Caldwell,* 187 U. S., 622); but it is exactly like the case of *S. v. French,* 109 N. C., 722, and *S. v. Wessell, ib.,* 735, in which the goods were bought in another State, shipped here in bulk, and then by the buyer was sold to his customers, or, as in this case, were shipped to the agent here of the vendors, and by him sold to the customers here and the proceeds remitted to the vendor. The sale by such buyer was a North Carolina business, and taxable. The distinction between the two is discussed in *S. v. Caldwell,* 127 N. C., 527, and such distinctions affirmed on writ of error (187 U. S., 622).

In *S. v. French,* 109 U. S., 722, it was held that such a tax as that in the present case was not a property tax, but a license tax upon an intrastate business. The distinction is stated in that case, which, like the present one, came up from New Hanover. That case has been often cited and affirmed; and, among other cases in point, the whole matter has been admirably and fully discussed by *Allen, J.,* in *Smith v. Wilkins,* 164 N. C., 147, citing *Machine Co. v. Gage,* 100 U. S., 675; *May v. New Orleans,* 178 U. S., 497; *Austin v. Tenn.,* 179 U. S., 352, and *Cook v. Marshall,* 196 U. S., 269. It is held in *Smith v. Wilkins, supra,* that "Where separate articles are shipped into this State in larger packages, they are not the subject of interstate commerce after the bulk has been broken here for distribution, and a peddler's tax upon a person thus selling these separate articles which have in this manner been shipped to him from beyond the State is not an interference with the commerce clause of the Federal Constitution."

The whole subject has been fully discussed and the conclusion reached (upon which this opinion is based) in *Sonneborne v. Keating,* in the United States Supreme Court, opinion filed 11 June, 1923.

There being no conflict in the evidence, and no question of intent to be drawn, but purely a question of law upon the evidence, if believed, there was no error in the instruction of the court to the jury: "If you believe the evidence, you will return a verdict of guilty; if you do not believe it, return a verdict of not guilty." This was so held in *S. v. Murphrey, ante,* 113:

No error.